McDaniel *vs.* The State of Georgia.

---

JACK McDANIEL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. It is not competent for a party to discredit one of his own witnesses, unless it is shown to the court that he was entrapped to introduce the witness by statements made by him contradictory to those he has now testified to.

2. The evidence in this case consisting as it does *wholly* of facts going to show that certain foot-tracks found leading from fodder stacks resembled the tracks usually made by prisoner, without any evidence that the tracks found were recent, and that the prisoner had an unusual or peculiar track, and other evidence to aid the opinion of the witnesses, does not justify the verdict.

Criminal law. Witness. Evidence. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

Jack McDaniel was placed on trial for the offense of malicious mischief, alleged to have been committed on November 13th, 1873, in burning a stack of fodder, the property of S. H. Wilson. The defendant pleaded not guilty.

The evidence for the state was purely circumstantial. It showed that there had been "some unpleasantness" between the defendant and Wilson; that the tracks leading from the fodder stack went to the defendant's house; that they resembled those usually made by him in measurement and general appearance; that defendant's boots had metal and brads on the heels, the impression of which was left upon the tracks.

The evidence for the defendant made a strong case of *alibi.*

The jury found the defendant guilty. A motion was made for a new trial because the verdict was contrary to the law and the evidence, and because the court erred in allowing the state to impeach one of her witnesses without having previously shown that the prosecution was entrapped to introduce such witness by statements made by him contradictory to those testified to.

The motion was overruled and the defendant excepted.

H. MORGAN; B. J. ODOM, by R. H. CLARK, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

McCAY, Judge.

1. The Code, section 3869, declares that a party shall not be permitted to discredit his own witness, unless he first shows to the court that he has been entrapped by previous contradictory statements made by the witness. It is not sufficient that he shall have made contradictory statements; such statements must have deceived, and led the party complaining to introduce him, and thus, unwittingly, to have been damaged by statements different from what he expected. Under such circumstances, the law permits a party to violate that salutary rule which assumes that one who brings a witness before a court, has, at least, confidence in his truthfulness. In this case no effort was made to show to the court an entrapping; it does not even appear that the solicitor general knew what he had stated, or that he had ever talked with the witness, much ·

McDaniel *vs.* The State of Georgia.

less, that he had put him up as a witness by virtue of any false impression.

2. Under the evidence in the record, we do not think there was enough evidence to justify a verdict of guilty. When closely looked to, there is, at last, nothing but the opinions of certain witnesses that the foot-tracks were the prisoner's tracks, and those opinions came from witnesses, who, however honest they may be, are avowedly prejudiced against the prisoner, and frankly announce that they not only think him guilty, but they intend to convict him if they can. The evidence of a comparison of the tracks found, with the track made by the prisoner, is not direct. One witness measured the tracks going from the stacks; another measured the prisoner's track as he saw him make it. The two met in town, and compared the sticks, and they testify to the result. We doubt if this be even legal evidence. The witness in each case gives his opinion based on the measurement of the other. The two measurements ought to have been before the jury, for them to decide. Nor does it appear that the tracks at the fodder were recent; they may have been made the day before or the night before. The stacks were not far from prisoner's house, and for forty-eight hours before he might have had various motives for going to them with no evil intent. The evidence as to the conduct of the prisoner, in driving his team into the woods and dodging about in the fence corners, we are unable to see the application of. Nothing appears as to the time it took place. It could not have been at the time or just before the fire, since the witness was at work picking cotton. Perhaps there is some defect in the record, but as it stands, we can see nothing in this evidence of the prisoner driving his team into the woods and his dodging along the fence, at all relevant to the issue. We are loath to interfere with the verdict of a jury, but the evidence here is inconclusive, uncertain, and so entirely a matter of opinion, that we think it would be a dangerous precedent to let it stand, especially in so serious a matter as a felony.

Judgment reversed.