## WILSON vs. THE STATE OF GEORGIA.

1. Where an indictment charged both a sale of lottery tickets and also the conducting of a scheme or device for the hazarding of money or other valuable thing, there was no error in charging the jury that if they believed from the evidence that the defendant had committed the offense described in the last count, they would so state; nor was a verdict in these words: "We, the jury, find the defendant guilty of maintaining and keeping a scheme or device for hazarding money," objectionable as a special verdict.

2. If a person keep an office in which are exhibited certain numbers, and others with his consent select a certain number or numbers, paying him therefor, the object being that they are either to lose the money so paid or get more, and if lost the keeper of the office retains it, such person would be guilty of maintaining and keeping a scheme or device for hazarding money.

(a.) The charge expressed no opinion on the evidence.

Criminal Law. Lotteries. Charge of Court. Before Judge CLARK. City Court of Atlanta. March Term, 1881.

Wilson was indicted and was tried in the city court of Atlanta. The indictment contained two counts, one for selling lottery tickets, the other for keeping and maintaining a lottery and other scheme or device for the hazarding of money or other valuable thing. The evidence was all aimed at the establishment of the second count. It tended to show that the defendant kept an office or shop in which were certain numbers, running from 1 to 78; that persons would go into the office, select a number or numbers, and pay defendant for them. No ticket passed, but each party made a memorandum of the numbers selected. It was understood that the headquarters or lottery which determined the chances was located in Mobile, Ala. The defendant received telegrams from that point, and thereupon would pay over money to the holders of certain numbers, the others being losers.

The court instructed the jury as set out in the second division of the decision; and also, after stating to them

that, there being no evidence of the carrying on of a lottery by defendant, they could not convict of that, but were remitted to the consideration of the other branch of the case, charged them that if they should find the defendant guilty, they should say: "We, the jury, find the defendant guilty of the scheme or device for the hazarding of money." He referred them to the indictment for the exact language, and charged them that "and" and "or" in such a case were the same.

The jury found the defendant guilty, shaping their verdict in accordance with this last charge. Defendant moved for a new trial, assigning error in each of these rulings.

The motion was overruled, and defendant excepted.

W. T. NEWMAN, for plaintiff in error.

. W. D. ELLIS, solicitor city court, by brief, for the state.

JACKSON, Chief Justice.

The indictment contained two counts, one for selling lottery tickets, and the other for unlawfully keeping and carrying on a lottery and other scheme or device for the hazarding of money and other valuable thing.

The defendant was found guilty of the latter offense and brings the case here, alleging as error the refusal of the circuit court to grant him a new trial.

1. It was not error in the court to instruct the jury in regard to the form of their verdict, if they should find the defendant guilty. It was the duty of the court so to instruct them in this case; because if he were guilty at all it was of the offense of maintaining and keeping a scheme or device for hazarding money, which the court instructed to the effect that he was guilty of, if of any crime at all. There was no proof that he had sold lottery tickets or carried on a lottery, but the proof was all aimed at the point that he did keep and carry on a scheme or device for hazarding money.

The verdict is not liable to the criticism of being a special verdict. It does not find a number of specific facts and leave the crime to be gathered from them; but it finds the defendant guilty of the offense of carrying on a scheme or device for hazarding money. It simply specifies the crime, and as other kindred offenses were in the bill of indictment (which is not excepted to here), it was necessary that *it* should be specified.

2. The other ground insisted upon here, is that the court erred in charging as follows:

"It shall not be lawful for any person or persons either by themselves, servants, agents, employes or others to keep, maintain, employ or carry on any lottery in this state, or other scheme or device for the hazarding of any money or valuable thing, (reading from the act of February 24th, 1877.) Well, I charge you that if you believe from the evidence that this defendant kept an office or shop—whatever you may call it—and in that office were placed numbers from 1 to 78, and that any one with his consent selected from those numbers any number or numbers, and paid him, defendant, for them, and if the effect of that was to lose the money so paid, or get or draw money afterwards from defendant, and that money lost, if you believe it was lost, defendant retains; if you believe these things proved by the evidence beyond a reasonable doubt, and it to have occurred within this county within two years from the finding of the bill of indictment, you are authorized, to find that this defendant maintained and carried on a scheme or device for the hazarding of money or other valuable thing. That is all, gentlemen, that there is this case."

Elsewhere in the charge, the court put the alternative of the above, and we can see no error in it.

The very object of the act of 1877, p. 112, copied in the charge, was to make penal just such a device as this to violate the will of the state in respect to suppressing lotteries, and yet to hide the act under such a cloak as the facts here show.

3. There is no expression or intimation of an opinion on the evidence as to what is or is not proved, but all that is left to the jury, and they are told that if certain things are proved beyond a reasonable doubt, then they *would be authorized*—not, must, should or ought—but *would be authorized* to find the defendant guilty.

The evidence is sufficient to support the verdict; the act of 1877 furnishes the law for it; the subsequent act of 1881, p. 62,does not affect or annul this offense that the act of 1877 made penal, though it may emphasize or make it clearer, and we see no legal reason why the verdict should not stand.

Judgment affirmed.