DIXON v. THE STATE.

1. Unless the witness has deceived and entrapped the party introducing him, such party cannot impeach his credit by evidence of his previous declarations at variance with his sworn testimony. This rule applies to the State in criminal prosecutions.
2. Written orders from a parent to a liquor dealer, requesting him to supply beer and whisky to a minor whenever he wants them, are void. They contravene the police policy of section 4540(a) of the code.

March 4, 1891. Argued at the last term.

Criminal law. Liquor. Minors. Parent and child. Evidence. Witness. Before Judge SMITH. Muscogee superior court. May term, 1890.

Reported in the decision.

MARTIN & WORRILL, for plaintiff in error.

A. A. CARSON, solicitor-general, by C. J. THORNTON, *contra.*

BLECKLEY, Chief Justice.

1. No doubt the court erred in admitting the evidence of several witnesses to the previous sayings of Walsh, thereby contradicting a portion of his testimony given in as a witness for the State. He testified he never

told them so and so; they testified he did. The only relevancy of their evidence was to impeach him. It proved nothing in and of itself pertinent to the case. It was not competent for the State to discredit its own witness by showing that he had made statements out of court which he denied while testifying for the State in court. This is the rule applicable to parties generally, and there is no good reason why it should not affect the State in criminal prosecutions. It was applied in *McDaniel* v. *The State,* 53 *Ga.* 253, without any suggestion of a distinction between civil and criminal cases. The code, §3869, announcing the general rule but dispensing with it where the party has been entrapped by the witness, is broad enough to cover all cases alike. Here the solicitor-general did not profess to have been entrapped or misled.

2. But this error did no harm. The State's case did not rest on the evidence of Walsh in any degree, but was established by other witnesses, who proved the minority of Willie Walsh and that he was seen drinking whisky and beer in the defendant's bar-room in the year 1889. The defendant replied in his statement to the jury that he never let Willie Walsh have whisky or beer until the written orders were given by his father. These orders, one bearing date December 3d, 1887, the other September 11th, 1888, were void on their face, being in their terms too general and indefinite, as we have just ruled in the case of *Gill* v. *The State.* They contravene the police policy of section 4540(a) of the code. One of them is addressed to Dixon & Herring, the other to D. W. Dixon, each of them saying : " Please let my son Willie have whiskey and beer whenever he wants it." This was no judgment by the father of the needs and wants of his son, but was an effort to delegate to the son the power of judging for himself both as to time and quantity. The policeman

appointed by law cannot abdicate, nor delegate his functions to the person over whom they are to be exercised.

The verdict of the jury was correct, and so was the refusal of the court to grant a new trial.

*Judgment affirmed*