## COX *v.* THE STATE.

1. Where one is indicted for trespass, the court may, in his charge to the jury, enumerate acts and conduct constituting all the essentials of the offense charged, and instruct the jury that, if these be established by proof, such acts and conduct would be sufficient to authorize a conclusion that the trespass was wilful.
2. The evidence was amply sufficient to sustain the verdict, and there was no error in overruling the motion for new trial.

Submitted October 3, — Decided October 12, 1898.

Indictment for trespass. Before Judge Sweat. Clinch superior court. April term, 1898.

Cox was indicted for trespass in cutting a number of cypress and pine trees upon the land of Mrs. Anderson. The testimony for the State was to the effect, that the husband of Mrs. Anderson leased for her the land to Cox for two years ending December 31, 1896, to cut pine-trees only; and that during the month of January, 1897, he cut more than fifty cypress-trees and a number of pine-trees also. Anderson went to him while he was on the land near where the cutting was being done, and objected thereto, telling Cox his time was out. Cox replied that his time was not out, that he would be damned if he did not cut the timber in spite of hell and high water, and that if Anderson went

to law and gained it, Cox would bushwhack him until he killed him.   Anderson saw no firearms that day.   The lease was oral. The value of the timber was proved.   One witness testified, that Cox would go to the land while his employees were cutting the timber in 1897, and would sometimes have with him his rifle. He did not carry it with him all the time.   In defense to the prosecution it was set up, that Cox bought all the timber from Anderson and paid him for it, that no time was set within which the same was to be cut, and that Cox had a right to cut it when he did so.

The exceptions are, that the verdict finding the defendant guilty is contrary to law and unsupported by evidence; and that the court erred in charging the jury:   "If you find that the claim as made upon the part of the State, that the right to cut and fell the trees upon the land described was only granted by the owner  .  .  or her husband for her for the term of two years, embracing the years 1895 and 1896; and if you find that during the year 1897, after the right of this defendant under the contract made to cut and fell timber had expired, the defendant entered upon the land and continued to cut and fell trees, and that he was approached by  .  .  Anderson  .  .  and warned to desist from cutting and felling them, and that he used the language as claimed to Mr. Anderson, and that as claimed the defendant had and kept with him upon the land his gun or rifle, the court charges you that if you find these facts and circumstances to be true, they would be sufficient to authorize you to find that the cutting and felling of the trees in question was a wilful trespass upon the part of this defendant, and that in that event it would be your duty to return a verdict of guilty against him."   The errors specified are, that this excluded from consideration the defendant's claim of entry in good faith and of right; that it required the jury to treat as conclusive evidence of guilt facts and circumstances contended for by the State, which were the only evidence from which the intention with which the entry was made might be inferred; and that the evidence in regard to defendant having and keeping a gun with him upon the premises did not warrant the charge upon that as a circumstance of guilt.

*S. C. Townshend* and *Hitch & Myers,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.

SIMMONS, C. J.   The plaintiff in error in the present case complains only that the verdict was contrary to law and the evidence, and that the judge erred in a certain portion of his. charge which is set out in the official report.   The evidence brought up in the record fully authorized the jury to convict the accused.   The charge complained of was not erroneous, the. question being controlled by the case of *Hill* v. *State,* 63 *Ga.* 578.   In his opinion in that case, Judge Bleckley discusses at length the point made in this record, and distinguishes the charge given in that case, and we may say the one in this, from the cases relied upon by counsel for plaintiff in error.   *Parker* v. *State,* 34 *Ga.* 262, and *Tucker* v. *State,* 57 *Ga.* 503.   We therefore content ourselves with a reference to the opinion in the case of *Hill* v. *State* as decisive, of the case now under consideration.   See also *Hager* v. *State,* 71 *Ga.* 164.

        *Judgment affirmed.   All the Justices concurring.*