## RICKERSON *v.* THE STATE.

1. While under section 5290 of the Civil Code a party may impeach a witness voluntarily called by him, provided he can show to the court that he has been entrapped by the witness by a previous contradictory statement, yet this rule can not apply where the testimony of the witness is not prejudicial to such party.

(a) In a trial for seduction where the accused called a witness to prove that, prior to the alleged seduction, the witness had sexual intercourse with the female charged to have been seduced, and the witness denied that he had ever had such intercourse with her, the accused could not impeach the witness by proving that he had made a previous contradictory statement to the accused and his counsel.

2. There was evidence to authorize the verdict; the trial judge was satisfied therewith, and this court can not say that he abused his discretion in refusing to grant a new trial.

Submitted January 16, — Decided February 2, 1899.

Indictment for seduction.    Before Judge Hart.    Putnam superior court.    September term, 1898.

*Jenkins & Lewis,* for plaintiff in error.
*H. G. Lewis, solicitor-general,* and *W. F. Jenkins & Son,* contra.

Fish, J.    Rickerson was convicted of seduction, and his motion for a new trial having been overruled, he excepted.    Upon the trial the accused called a witness, Elder, who testified that he had never had sexual intercourse with the female alleged to have been seduced.    Counsel for the accused stated that they had been entrapped by the witness, and that they desired to "disprove his statement and show that he had made another statement."    Dock Rickerson was then introduced as a witness by the accused for the purpose of proving that Elder, before the trial, had stated to the accused and his counsel, in the presence of the witness, that he, Elder, prior to the alleged seduction, had sexual intercourse with the female in question.    Upon objection by counsel for the State the court refused to permit this testimony to go to the jury, and complaint was made of the ruling in the motion for a new trial.

1. The court was clearly right in refusing to allow the accused to show that the witness Elder had previously made the contradictory statement sought to be proved.    While under our statute (Civil Code, § 5290) a party may impeach a witness voluntarily called by him, where he can show to the court that he has been entrapped by the witness by a previous contradictory statement, yet this rule is not applicable where the testimony of the witness is not prejudicial to such party.    In such case the credibility of the witness is immaterial, as he has done no damage.    The mere failure of a witness to testify to facts supposed to be beneficial to the party introducing him and which were expected to be proved by him does not come within the reason or policy of the rule.    In Hull *v.* State, ex rel. Dickey, 93 Ind. 128, it was held that where the accused in a bastardy case called a witness to prove that the witness had sexual intercourse with the relatrix about the time the child was begotten, and the witness denied having had such intercourse, the accused could not impeach him by proving that he had made a previous statement contradictory to his testimony.    See also 29 Am. & Eng. Enc. L. 815, and cases cited in note 2.

2. The only other ground of the motion for a new trial was that the verdict was contrary to law and the evidence.    While the testimony of the female alleged to have been seduced was

somewhat conflicting, it was the province of the jury trying the case to pass upon her credibility as a witness. They believed from her testimony, as shown by the verdict, that the accused was guilty of the offense charged. The trial judge has approved the verdict, and this court can not say that he abused the discretion vested in him by law in refusing to grant a new trial. *Judgment affirmed. All the Justices concurring.*