## 8448.   BURNS *v.* THE STATE.

1. The indictment sufficiently set forth an offense under that part of section 703 of the Penal Code of 1910 which provides that if any person, by false representation of his own respectability or wealth, shall obtain a credit, and thereby defraud any person of any money or other valuable thing, he shall be deemed a common cheat and swindler. It is therefore immaterial whether the facts alleged constitute an offense under section 713 or section 719.
2. A party can not, on the ground that he has been entrapped by a witness introduced by him, impeach the witness by proof of a previous contradictory statement, where it was not made to himself or his counsel, and where it does not appear that the statement was made for the purpose of being communicated to him or his counsel.
3-4. The court did not err in the instructions complained of, and the evidence authorized the verdict.

DECIDED MAY 11, 1917.

Indictment for cheating and swindling; from city court of Quitman—Judge Long.   December 18, 1916.

The indictment charged Burns with "the offense of cheating and swindling," and alleged, in substance, that by false representations of his own respectability and wealth, by falsely representing to William Tremere that he, Burns, was the owner of two mules described, and that they were free from any liens or encumbrances whatsoever, he, Burns, fradulently obtained a credit from Tremere of $425, the purchase price of two described mules sold by Tremere to Burns, which were of the value of $425, and defrauded Tremere out of the last-mentioned mules and their value, by reason of the fact that the mules first described were not free from liens, but were subject to certain executions and mortgages described, which were recorded, and copies of which were attached to the indictment; that the said false and fraudulent representa-

tions imposed upon the credulity of said Tremere, and upon these representations Tremere parted with the possession of the two mules sold by him to Burns, and Burns then and there executed to him a mortgage to secure the purchase-price; that by these representations Tremere was induced to part with the possession of these mules and Burns got possession of them; whereby Tremere sustained loss and damage in the sum of $425, contrary to the laws of this State, etc. The defendant demurred, on the grounds: (1) The indictment is brought under section 703 of the Penal Code of 1910, whereas the facts alleged show that the acts of the defendant do not constitute an offense under that section, but if they constitute an offense of any kind the indictment should have been brought under section 713 or section 719. (2) It appears that the executions referred to were issued on common-law judgments against all the property of the defendant, whereas the false representations in regard to liens, which constitute cheating and swindling, relate only to contract liens, and not to the general liens of judgments. (3) The indictment contains in one count two offenses defined in section 703 of the Penal Code, to wit: false representation of respectability, etc., and, secondly, the causing and procuring others to represent falsely of his honesty, etc. (4) Under the first part of the indictment,—to wit, that part which charges false representation of his own respectability,—it is not charged that Tremere suffered any loss thereby.

*Branch & Snow,* for plaintiff in error.

*J. E. Morris Jr., solicitor, Bennet & Howell,* contra.

WADE, C. J. 1. The court did not err in overruling the demurrer to the indictment. "If any person, [1] by false representation of his own respectability, wealth, or mercantile correspondence and connections, shall obtain a credit, and thereby defraud any person of any money or other valuable thing, [2] or shall cause or procure others to report falsely of his honesty, respectability, wealth, or mercantile character, and, by thus imposing on the credulity of any person, shall obtain a credit, and thereby fraudulently get into possession of goods or other valuable thing, he shall be deemed a cheat and swindler, and shall be punished as for a misdemeanor," etc. Penal Code of 1910, § 703.

(*a*) The indictment sufficiently set forth an offense under the first division of the foregoing section, and it is therefore immaterial

whether the charge against the accused could have been based upon section 719 of Penal Code, or any other penal statute. .

(b)   A representation made by the defendant to another, whereby he obtains a credit and thus defrauds such other person, that he is the owner of certain described property, and that it is "free from any liens or encumbrances whatsoever," does not amount only to an assertion that there are no contract liens against such property, but also amounts to, comprehends, and includes by its terms a representation that there is no existing general judgment against the defendant which could be lawfully enforced against the property as a valid "lien" thereon, already duly asserted, fixed, and established in accordance with law.   Moreover, the indictment in this case alleged the existence of contract liens on the same property, in addition to the lien against it arising under a general judgment against the defendant.

(c)   The indictment makes no effort to charge that the accused caused or procured others to report falsely of his wealth, etc., but, under the allegations therein, amounting to a charge that he himself made the alleged false representations as to his wealth, by reason of which another person was defrauded, etc., only one offense is alleged.

(d)   It follows, under the last ruling above, that the one general allegation in the indictment, that the prosecutor did suffer loss and damage by reason of the alleged false and fraudulent representations, qualified the entire charge and was therefore sufficient.

2.   A party voluntarily introducing a witness can not impeach him, except where the party "can show to the court that he has been entrapped by the witness by a previous contradictory statement" (Penal Code of 1910, § 1050; Civil Code, § 5879) ; and he can not impeach the witness by proof of such a statement even where he claims to have been surprised and entrapped, unless the statement was made directly to himself or his attorney (Carter v. State, 17 Ga. App. 244, 86 S. E. 413; Luke v. Cannon, 4 Ga. App. 538, 62 S. E. 110), or was made to some third person with instruction to communicate it or for the purpose of being communicated to the party or his counsel, and this was in fact done and the party acted thereon. Jeens v. Wrightsville & Tennille R. Co., 144 Ga. 48, 51 (85 S. E. 1055).   In 40 Cyc. 2695, it is said:  "The information as to the prior inconsistent statement must have come to the party or his counsel directly from the witness."

(*a*)    From the recitals in the 4th ground of the motion for a new trial it does not appear that the witness whom the defendant sought to impeach, upon the ground that he had been entrapped by the witness, had made any statement whatever to the defendant or his counsel, or that any statement was made by him to a third person with instruction to communicate it, or for the purpose of being communicated, to the party or his counsel. So far as appears, the alleged contradictory statements by which counsel for the accused stated they had been entrapped were idly made to a third person, without any intention thereby to entrap the defendant; and they could not be proved by the accused for the purpose of impeaching the witness, although the person to whom they were made may in fact have been acting for the defendant in collecting testimony in his behalf, it not appearing that the witness knew of that fact.

3.    Under the rulings made in the first part of this decision, there was no error in the excerpt from the charge of the court complained of in the 5th ground of the motion for a new trial, on the ground that "under the evidence the defendant was not guilty under the indictment as having been predicated on section 703 of the Penal Code, and because any representation made by the defendant as to any lien of a common-law judgment would not constitute an offense under said section."

4.    The evidence sufficiently made out a case against the accused, under the provisions of section 703 of the Penal Code, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.    George and Luke, JJ., concur.*