## KING v. THE STATE.

1. The evidence did not show that the solicitor-general was entrapped by a witness, within Penal Code § 1050.
2. Without proper foundation laid for impeaching a witness, proof of his contradictory statements was not admissible.
3. It was error to admit testimony of statements made by the same witness out of the defendant's presence, several hours after the homicide and while in jail, as to the defendant's presence at the place of the homicide, over objection that it was hearsay and no part of the res gestæ.
4. Testimony by the arresting officer that the accused, being carried to jail, did not "open his mouth" when the officer, answering a question by a third person, said that the accused was charged with killing policeman McNair, was not evidence of a confession, but it had some relevancy to the case under the former ruling of this court.
5. It was error to receive testimony by the arresting officer that on previous occasions when he had arrested the accused, "he had always wanted to know what he was arrested for."
6. The evidence tending to show that the homicide was committed about 9:30 o'clock at night, and that the accused was arrested some hours later during the same night at his house, the fact that a bright fire was burning and appeared to have been started about 30 minutes before was not irrelevant.
7. A gun-shell found near the place of the homicide two or three days

Criminal Law, 16 C. J. p. 563, n. 30; p. 581, n. 14; p. 586, n. 98; p. 618, n. 34; p. 620, n. 62; p. 625, n. 55; p. 633, n. 84; p. 941, n. 62; p. 971, n. 61; p. 983, n. 27; p. 1005, n. 59.

Homicide, 30 C. J. p. 205, n. 87; p. 425, n. 80.

Witnesses, 40 Cyc. p. 2560, n. 68; p. 2719, n. 18.

afterward was not entirely irrelevant in connection with other evidence. Nor was it error to admit other shells that had been exploded in a test of the defendant's gun.

8. Reception in evidence of an overcoat found near the place of the homicide, over objection that it had not been identified as the coat of the accused, was not error.

9. The exception to the charge to the jury on the burden of proof to overcome the presumption of innocence of the accused does not show cause for reversal.

10, 11. Exceptions to instructions as prejudicial, misleading, restrictive, and intimative of the court's opinion of the evidence and the contentions of the accused, held not meritorious.

12. The court's charge on the subject of punishment of persons convicted of murder was not cause for a new trial.

No. 5981.   MARCH 3, 1928.

Murder. Before Judge Persons. Butts superior court. March 15, 1927.

Joel B. Mallet, H. M. Fletcher, and W. E. Watkins, for plaintiff in error.

George M. Napier, attorney-general, Frank B. Willingham, solicitor-general, and T. R. Gress, assistant attorney-general, contra.

ATKINSON, J.   The exception is to a judgment refusing the defendant's motion for a new trial, complaining of a verdict finding him guilty of murder. The case was before this court on a former occasion. King v. State, 163 Ga. 313 ·(136 S. E. 154). The report of that case shows the circumstances of the killing as they appeared at the former trial. The reversal of the judgment resulted in the grant of a new trial. The facts upon the second trial sufficiently appear in the former report of the case and from the following divisions of this decision.

1. "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by the witness by a previous contradictory statement." Penal Court, § 1050. This rule applies to the State in criminal prosecutions. Dixon v. State, 86 Ga. 754 (13 S. E. 87) ; Jeens v. Wrightsville & Tennille Railroad Co., 144 Ga. 48 (85 S. E. 1055) ; Luke v. Cannon, 4 Ga. App. 538 (62 S. E. 110) ; 28 R. C. L. 644, § 229. The evidence in this case was insufficient to show that the solicitor-general was entrapped, within the meaning of the above-quoted code section.

2. The court erred in admitting in evidence testimony intro-

duced by the State, as to previous contradictory statements by Oscar Whitehead, over objections as urged on the ground that the State had not laid the proper foundation for impeaching Oscar Whitehead, as complained of in the third, fourth, fifth, and sixth special grounds of the motion for new trial.

3. It was erroneous to admit the testimony of a witness, as set forth in the eighth ground of the motion, as to statements made by Oscar Whitehead out of the presence of the defendant, several hours after the homicide, while in jail, as to the presence of the defendant at the scene of the homicide, over the objection that the testimony was not a part of the res gestæ and was hearsay. The evidence was not admissible as previous contradictory statements by the witness, to impeach his testimony delivered on the trial, because the State failed to lay the foundation for impeaching the testimony of that witness.

4. The ninth ground complains that the arresting officer was permitted to testify that when he carried the defendant to jail he was asked, in the presence of the defendant, "What have you got him charged with?" to which the witness replied, "For killing county policeman McNair," and "at that time" defendant did not "open his mouth." The testimony was admitted over the objection that it was irrelevant and not a part of the res gestæ or evidence of a confession by an act or by silence. The question was not addressed to the defendant, and it was not shown that he heard it. His silence under the circumstances should not be treated as a confession, but under the former ruling of this court it had some relevancy to the case.

5. It was erroneous to admit testimony of the arresting officer, as complained of in the tenth ground of the motion for new trial: "I had had occasion to arrest Tom before. On previous occasions when I had arrested Tom King he had always wanted to know what he was being arrested for," over objection that it was irrelevant, was not evidence tending to prove a confession, and its effect was to put the defendant's character in issue, and it tended to prove other criminal acts of the defendant.

6. Complaint is made, in the eleventh ground, of the admission of testimony to the effect that when the officers went to arrest the defendant at his home, a bright fire was burning and appeared to have been started about 30 minutes before. This was delivered

in connection with other evidence tending to show that the homicide was committed about 9:30 o'clock, and that the arrest of the defendant was made at his house several hours later during the same night. When considered in connection with the other evidence, it was not erroneous to admit the testimony over the objection that it was irrelevant.

7. Nor was it erroneous, as complained of in the twelfth ground, to admit in evidence an exploded shotgun-shell, in connection with other evidence tending to show that it was found two or three days after the homicide near the scene of the homicide, the shell being of such gauge as would fit the defendant's gun, although it appeared to be a different make of shell from those found in defendant's house at the time of his arrest, and the plunger marks shown on the exploded cap were different from the marks made by the plunger of defendant's gun when tested in the grand-jury room. The evidence was admitted over the objection that it was irrelevant. It was not entirely irrelevant, but seems to have been more favorable to the defendant than to the State. Nor was it erroneous, as complained of in the thirteenth ground, to admit in evidence certain other shells that were exploded in the grand-jury room, in a test of the defendant's gun.

8. The fourteenth ground complained of the admission in evidence of an overcoat alleged to have been found at the scene of the homicide, over the objection that it had not been identified as the coat of the defendant. There was evidence that the defendant had an old black overcoat, and that the coat introduced was such a coat; but the witnesses for the State giving testimony on the subject testified that the coat in question was not the defendant's coat, stating certain reasons for their opinion. In the light of these statements of the witnesses the evidence was not of much value, but it had some relevancy, and the court did not err in admitting it.

9. It was ruled when the case was formerly before this court: "The defendant was entitled to the presumption of innocence throughout the trial, which could only be overcome by proof of his *guilt of the crime alleged* beyond a reasonable doubt." This principle was given in charge at the subsequent trial, but immediately following the statement of it were the words, "and under the rules of law which I will give you in charge." Error is assigned upon

this part of the instruction, upon the ground that it was an improper limitation of the principle stated. It would have been better to have omitted the words last quoted from the charge. However, an examination of the subsequent portions of the charge show adherence to the principle as stated in the former decision of this court; and consequently the ground of exception does not show cause for reversal.

10. The court charged the jury: "If you believe that he is guilty under the rules of law which I have given you in charge, then it would be your duty to find the defendant guilty of the murder of J. E. McNair." This was excepted to on the grounds: (a) That it was the expression of an opinion of the court upon the evidence. (b) That it was calculated to prejudice the minds of the jury against the defendant. There is no merit in these criticisms.

11. The court charged that "the defendant contends that he did not kill Mr. McNair and that he knew nothing about the killing of Mr. McNair, and that he is innocent of the charge as is raised by this indictment." This was excepted to on the ground that it was misleading and too restrictive, because the defendant's plea of not guilty "made no affirmative contentions," and that the language of the court tended to prejudice the jury by intimating to them that the defendant had made affirmative contentions which he was bound to support. The charge was not erroneous for the reasons assigned.

12. The court charged: "In the event you should find the defendant guilty of the crime of murder, the punishment for persons convicted of murder shall be death, but may be confinement in the penitentiary for life in the following cases: if the jury trying the case shall so recommend; or if the conviction is founded solely on circumstantial testimony, the presiding judge may sentence to confinement in the penitentiary for life." This was excepted to on the grounds: (a) It was misleading and restrictive, because a conviction of defendant could only be founded solely on circumstantial evidence, and without further explanation the charge amounted to an instruction that in cases where a conviction is founded solely on circumstantial evidence it is unnecessary for the jury to make a recommendation. (b) The charge tended to exclude the jury from making a recommendation, the court

having previously instructed them that the State relied solely on circumstantial evidence. (c) The charge upon the discretionary powers of the judge tended to relieve the jury of any responsibility of conscience in making any recommendation. We hold that this charge was not cause for the grant of a new trial.

As a new trial will result from the judgment of reversal, it becomes unnecessary to deal with the grounds relating to alleged newly discovered evidence, or with the original grounds which relate to the sufficiency of the evidence to support the verdict, or to grounds numbered 7 and 17 to 24, inclusive, which relate to matters that will not likely occur on another trial.

*Judgment reversed. All the Justices concur.*

RUSSELL, C. J., concurring specially. I concur in the judgment, and in all of the rulings announced by the court; but I am of the opinion that the assignments of error dealt with in the fourth, eighth, tenth, and eleventh divisions of the opinion are meritorious, and of themselves require a reversal of the judgment refusing a new trial.