## 29418. RIGGINS *v.* THE STATE.

GARDNER, J. 1. On a plea of surprise and entrapment the State may impeach its own witness testifying harmfully to the State (*Nathan v. State*, 131 *Ga.* 48 (3), 61 S. E. 994; *Rickerson v. State*, 106 *Ga.* 391, 33 S. E. 639), and contradictorily to statements previously made by a

310

witness who heard the previous statements, where it appears that such statements were made directly to the State's counsel or his assistant (*Carter* v. *State*, 17 *Ga. App.* 244, 86 S. E. 413; *Luke* v. *Cannon*, 4 *Ga. App.* 538, 62 S. E. 110), or to another who was directed by the relator to convey the statements to the State's counsel and they were so conveyed. *Burns* v. *State*, 20 *Ga. App.* 77 (2) (92 S. E. 548). In the instant case it was not sufficient to show that the alleged previous statements were made only "in the solicitor's office," without further showing that the statements were made to the solicitor or his assistant or to another who was directed to convey the statements to the State's counsel.

2. On a plea of surprise and entrapment by the State, and an attempt to show previous contradictory statements by the State's witness, it was error for the court to refuse to admit testimony of a grand juror, offered in rebuttal by the defendant, that the witness had testified before the grand jury to certain facts in effect substantiating the testimony of the witness on the trial, because of which the plea arose. See *Wynes* v. *State*, 182 *Ga.* 434 (3) (185 S. E. 711); *Lowe* v. *State*, 97 *Ga.* 792 (3) (25 S. E. 676).

3. It was harmful error for the court to admit, over timely objection of defendant, testimony that the witness, several days after the shooting, was told by the prosecutor that the defendant shot him.

4. It is unnecessary to pass on the general assignments of error. The court erred in overruling the motion for new trial.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

DECIDED MAY 2, 1942.

McDonald & McDonald, for plaintiff in error.
Harvey L. Jay, solicitor-general, contra.

BROYLES, C. J., dissenting. The testimony set forth in special ground 1 of the motion for new trial was not objected to on the ground that it did not appear that the previous statements made by a witness for the State (who was sought to be impeached by the State) were made directly to the solicitor-general. The objections to the testimony did not cover that point, and the testimony was not inadmissible for any of the objections urged against it. It does not appear from the ground that the previous statements were not made directly to the solicitor-general, but it merely appears that they were made "in his office." Counsel for the accused could easily have ascertained whether they were made to the solicitor-general, by a cross-examination. However, the controlling point is that the admission of the testimony was not objected to on the ground that the previous statements were not made to the solicitor-general. That question was not presented to the trial judge, and

therefore it is not properly before this court. "Specific grounds of objection to admission of evidence, not presented when the evidence was offered on the trial, do not raise questions for decision on review." *Wynes* v. *State,* 182 *Ga.* 434 (supra). In my opinion special ground 2 shows no cause for a reversal of the judgment. The testimony rejected by the court was hearsay and inadmissible, and the judge did not abuse his discretion in so ruling. · The cases cited by the plaintiff in error are differentiated by their facts from this case. Special ground 3 complains of the admission of the testimony of the sheriff that several days after the shooting the prosecutor told him "that Tom Riggins [the defendant on trial] shot him." The record and the note of the judge show that the testimony was offered by the State *in rebuttal* of the testimony of a witness for the defense, that he heard the prosecutor tell the doctor who treated his wounds that he did not know who shot him. Under· these circumstances I do not think that the admission of the evidence complained of was error.

The general grounds of the motion are abandoned in the brief of the plaintiff in error. I think that the judgment should be affirmed.