## SPARKS *v.* THE STATE.

CANDLER, Justice. A grand jury in Gordon County Superior Court charged Ludd Sparks with robbery. The indictment in substance alleges that he did, on July 9, 1951, in Gordon County, Georgia, unlawfully, wrongfully, fraudulently, and violently, by force and intimidation, take $580 from the person of J. D. Boling, without his consent and with an intent to steal the same. He was convicted of robbery by force, sentenced to serve a term of from five to fifteen years in the penitentiary, and the exception is to a judgment denying his amended motion for a new trial. *Held:*

1. When the judge, on the trial of a criminal case, reads the indictment to the jury and charges them that the State must prove the penal act, as charged, beyond a reasonable doubt before they would be authorized to convict the accused, as the judge did in this case, his omission to define the offense charged in the precise language of the Code, or his failure also to charge more fully upon the necessary element of intent to steal the money alleged to have been taken, is not erroneous, there being, as here, no timely written request that he do so. *Hill* v. *State,* 63 *Ga.* 578 (36 Am. R. 120); *Wilson* v. *State,* 67 *Ga.* 658, 661; *Kinnebrew* v. *State,* 80 *Ga.* 232 (5 S. E. 56); *Thomas* v. *State,* 90 *Ga.* 437 (16 S. E. 94); *Cox* v. *State,* 105 *Ga.* 610 (31 S. E. 650).

2. A party may not impeach a witness voluntarily called by himself unless he "can show to the court that he has been entrapped by the

witness by a previous contradictory statement" (Code, § 38-1801); and he can not impeach the witness by proof of such a statement, even when he claims entrapment, unless the statement was made directly to him or to his attorney (*Luke* v. *Cannon*, 4 *Ga. App.* 538, 62 S. E. 110; *Carter* v. *State*, 17 *Ga. App.* 244, 86 S. E. 413), or was made to some third person with direction to communicate it or for the purpose of being communicated to the party or his counsel, and this was in fact done and the party acted thereon. *Jeens* v. *Wrightsville & Tennille R. Co.*, 144 *Ga.* 48, 51 (85 S. E. 1055); *Riggins* v. *State*, 67 *Ga. App.* 309 (20 S. E. 2d, 95). But when a written statement has been given to one who has authority in law to make criminal investigations for the State, the solicitor-general may rely upon it as fully as if it had been made directly to him. 70 C. J. 1068, § 1255; Commonwealth *v.* Gettigan, 252 Mass. 450 (148 N. E. 113). In this case, after the solicitor-general had stated in his place that he had been entrapped by his witness Buena Pharr, and over an objection that no proper foundation had been laid for its introduction, the court allowed in evidence, for impeachment purposes only, a written statement which the witness, admittedly, had voluntarily given to a named agent of the Georgia Bureau of Investigation. Error is assigned upon this in one of the grounds of the amendment to the motion for new trial. There is clearly no merit in the contention that the admission of the statement, for impeachment purposes only, was erroneous. It was in all material respects contradictory of her sworn testimony as a witness for the State. And it was obtained by and furnished to the solicitor-general for trial use by an agent of the Georgia Bureau of Investigation. That being so, the solicitor had a right to rely upon its truth as fully as he would have had it been made directly to him by the witness.

(a) There is likewise no merit in the contention that the court erred in allowing the aforementioned statement in evidence over an objection by the defendant that it was secondary evidence, since the State's witness Pharr was present in court and, as a witness for the State, had testified orally. The statement, as the record shows, was offered by the State for impeachment only, and its allowance for that purpose was obviously not improper for the reason here assigned. See, in this connection, *Rickerson* v. *State*, 106 *Ga.* 391 (33 S. E. 639); *Nathan* v. *State*, 131 *Ga.* 48 (3) (61 S. E. 994).

3. The general grounds of the motion are not meritorious, the verdict being amply supported by evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating, and Head, J., who dissents.*

No. 17876. Submitted May 12, 1952—Decided June 9, 1952—
Rehearing denied July 15, 1952.

*Harbin M. King* and *John D. Edge*, for plaintiff in error.
*Eugene Cook*, Attorney-General, *W. Dan Greer* and *Warren Akin*, Solicitor-General, contra.

HEAD, Justice, dissenting. I dissent from division 2 of the opinion, and from the judgment of affirmance.

In the first instance, I am unable to agree that the citations support the ruling that, "when a written statement has been given to one who has authority in law to make criminal investigations for the State, the solicitor-general may rely upon it as fully as if it had been made directly to him." As supporting this proposition, 70 C. J. 1068, § 1255, and Commonwealth v. Gettigan, 252 Mass. 450, are cited.

Section 1255 of 70 C. J. is as follows: "Statements made by a witness to the district attorney or his investigators may be used to contradict the testimony of the witness on the trial of the case."

In Commonwealth v. Gettigan, supra, it was said by the court: "Evidence of inconsistent statements made at another time by a witness respecting the subject of his testimony is admissible under G. L. c. 233, § 23. The evidence of Wright was admissible for the purpose of contradicting Lindsay."

If the section of Corpus Juris cited, and the Gettigan case (which refers only to contradiction, and not the impeachment of a witness), in any manner support the ruling that the solicitor-general may rely fully upon a written statement given to one who has authority to make criminal investigations, such rule should not now be applied in this State for the reason that it is, in the view of the writer, in direct conflict with decisions of both the Supreme Court and the Court of Appeals.

In *Jeens* v. *Wrightsville & Tennille R. Co.*, 144 *Ga.* 48, 51, cited in the majority opinion, it was said: "If a witness makes a statement to a party litigant or his counsel, or to some third person with instruction to communicate such statement to the party or his counsel, which is done, and the party acts on that statement, we think in legal contemplation the party has been entrapped, and the rule laid down in the statute would apply in such a case. *But we also think that 'the information as to the prior inconsistent statement must have come to the party or his counsel directly from the witness.'* " (Italics supplied.)

In *Riggins* v. *State*, 67 *Ga. App.* 309, 310, cited by the majority, it was said: "In the instant case it was not sufficient to show that the alleged previous statements were made only 'in the solicitor's office,' *without further showing that the statements were made to the solicitor or his assistant or to another who was directed to convey the statements to the State's counsel.*" (Italics supplied.)

In *Smith* v. *State*, 74 *Ga. App.* 685 (41 S. E. 2d, 179), it was said: *"It nowhere appears that the witness had ever made any contradictory statements to the solicitor-general, or to any other person to be conveyed to the solicitor-general. Therefore it follows, under the decisions of this court, that the case must be reversed on this ground.* [Italics supplied.] *Carter* v. *State*, 17 *Ga. App.* 244 (86 S. E. 413); *Burns* v. *State*, 20 *Ga. App.* 77 (2) (92 S. E. 548); *Riggins* v. *State*, 67 *Ga. App.* 309 (1) (20 S. E. 2d, 95); *Allen* v. *State*, 71 *Ga. App.* 517 (1) (31 S. E. 2d, 107)." In this connection see also *McDaniel* v. *State*, 53 *Ga.* 253; *Dixon* v. *State*, 86 *Ga.* 754 (13 S. E. 87); *King* v. *State*, 166 *Ga.* 10 (142 S. E. 160).

If the writer were able to concur in the view that Corpus Juris and the

Gettigan case support the statement that the solicitor-general has the right to rely upon a statement made to an investigator as fully as if made to the solicitor-general, the text and authority relied upon would have to yield to the decisions of this court and the Court of Appeals.

As I construe the ruling in the majority opinion, it is without restriction or limitation. Hundreds of State employees are authorized to make various types of investigations for alleged violations of State laws. Many other persons, such as grand jurors, justices of the peace, sheriffs, deputy sheriffs, coroners, and constables, exercise investigative powers on behalf of the State. Any of such persons might procure a written statement from a defendant charged with violating some law of this State. May the solicitor-general use such an alleged statement, upon the trial of one charged with a crime, to impeach a witness introduced by the solicitor, without any semblance of a proper foundation being laid for its introduction?

The witness, Buena Pharr, was not on trial, and she was not called as a witness until after the defendant had rested. Whether or not the testimony that the solicitor hoped to elicit from this witness would have been in rebuttal, and therefore admissible, is a matter of no concern here. Her alleged previous written statement was not admissible for any purpose, other than impeachment, under the rule that, "Unless a conspiracy is shown prima facie, evidence of the acts and declarations of one of the alleged conspirators can only operate against the person whose acts and declarations are proved, if he is on trial; or, if he is not on trial, they are not admissible against the defendants on trial, and should be rejected. Acts and declarations of a codefendant or alleged conspirator are admissible against the other only when made and done during the pendency of the criminal enterprise and in furtherance of its object." *Wall* v. *State,* 153 *Ga.* 309, 317 (112 S. E. 142), and cases cited.

The ruling in the present case appears to me to be wholly at variance with the applicable rules of procedure as to the impeachment of a witness. (See Code, § 38-1801; *McDaniel* v. *State,* supra; and other cases cited).

Under the evidence in this case, the jury would have been authorized to find that the accused was not present and did not participate in the alleged crime. The error committed by the court in permitting the solicitor to use the alleged statement of the witness, Buena Pharr, without any proper foundation being laid for its introduction, in the view of the writer, demands the grant of a new trial.