## 46552. JACKSON v. THE STATE.

JORDAN, Presiding Judge. The defendant appeals a conviction of second degree arson and burglary. Held:

1. Where, as here, the testimony of a witness called by the State, did not surprise, mislead, or deceive the prosecuting attorney who called the witness, the witness having informed the attorney about 15 minutes before being called that he would not follow an earlier extrajudicial statement, it was error to allow the State to impeach the witness under the provisions of Code § 38-1801, as amended, and to allow in evidence for impeachment the extrajudicial statement of the witness. "The law is so particular in its requirements of caution upon the part of one who introduces a witness to the court, and thereby vouches for his veracity, that a strict showing is required before one will be allowed to repudiate a witness, voluntarily called by him by attempting to impeach him." Luke v. Cannon, 4 Ga. App. 538, 542 (62 SE 110). "It is not sufficient that he shall have made contradictory statements; such statements must have deceived, and led the party complaining to introduce him, and thus, unwittingly, to have been damaged by statements different from what he expected." McDaniel v. State, 53 Ga. 253, 254. Also, see Dixon v. State, 86 Ga. 754 (13 SE 87).

2. Despite some evidence that the confession or confessions of the defendant were involuntary, and objections to admissibility, the trial judge submitted the issue of voluntariness to the same jury that adjudicated guilt. "It is both practical and desirable that in cases to be tried hereafter a proper determination of

voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence." Jackson v. Denno, 378 U. S. 368, 395 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205). A mere ruling of the trial judge that he finds the issue in dispute and will let it go to the jury is insufficient. *Cardell v. State,* 119 Ga. App. 848, 853 (168 SE2d 889); Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593).

*Judgment reversed. Quillian and Evans, JJ., concur.*
SUBMITTED SEPTEMBER 15, 1971—DECIDED SEPTEMBER 29, 1971.

*D. C. Campbell, Jr., Thad W. Gibson,* for appellant.
*Robert W. Reynolds, District Attorney,* for appellee.