## 52436. WESTBERRY v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted on two counts, theft by taking and burglary, arising from the burglary of a lounge and the theft of 22 cases of beer therefrom. He was sentenced to five and fifteen years consecutive prison terms. He appeals, asserting that two errors were committed by the trial court: (1) the denial of motion for continuance where two witnesses were called who were not on the list of witnesses, and (2) allowing the assistant district attorney to impeach his own witness. *Held:*

1. Appellant contends the list of witnesses furnished by the state did not contain the names of two witnesses who testified at the trial and for this reason the trial court erred in denying his motion to continue the case. The assistant district attorney stated in his place at the outset of the trial that the testimony of the two witnesses was not known to him at the time he furnished the list to appellant's counsel and that the witnesses were newly discovered. This statement appears to be substantiated by the record. Thus the testimony of these witnesses falls under the exception to Ga. L. 1966, pp. 430, 431 (Code Ann. § 27-1403). *Mitchell v. State,* 226 Ga. 450 (3) (175 SE2d 545); *Stanley v. State,* 136 Ga. App. 385 (1) (221 SE2d 242). Cf. *Parham v. State,* 135 Ga. App. 315 (2) (217 SE2d 493).

2. A more serious issue, raised in appellant's final enumeration of error, is whether the trial court erred in allowing the assistant district attorney to impeach his own witness. The transcript shows that the state called as a witness Miss Roth. She was asked whether she had seen appellant shortly after the burglary, to which she replied that she had. She was then asked whether appellant had told her on that occasion that the law was after him

because he was involved in a burglary. She replied that appellant had not said anything about his being involved in a burglary. She was then asked if appellant told her that the scratches on his feet were from running from the law through the woods. She denied appellant's making this statement also. The assistant district attorney then claimed surprise and proceeded to impeach the witness, over objection, by showing that Miss Roth had been interviewed previously by two GBI agents. The two agents testified that during the interview Miss Roth related that appellant had told her that he had broken into a liquor store and stolen about thirty-two cases of beer and the appellant had also told her that he got the scratches on his feet from having run through the woods when he was breaking into a store.

Appellant contends that the assistant district attorney was not genuinely entrapped or surprised by Miss Roth's testimony because she had told him (the assistant district attorney) that morning before the trial started that she did *not* tell the GBI agents that appellant had made incriminating statements to her. Because the assistant district attorney knew, *before* he called the witness, that she had changed her story and would deny that appellant made these statements to her, he was not surprised by her testimony on the stand. In support of this contention he points to three facts which appear in the record and which tend to show that the assistant district attorney was not surprised: (1) that the assistant district attorney did have an interview with Miss Roth at 8:30 a.m. before the trial started, (2) that one of the GBI agents stated on cross examination that he was present during part of the interview between Miss Roth and the assistant district attorney and heard Miss Roth deny that she made such statements to the GBI agents, and (3) that the other agent, who was not listed as a witness, was not summoned as a witness until that morning (after the assistant district attorney interviewed Miss Roth) and that his knowledge of the case pertained only to what Miss Roth had told them.

Code § 38-1801 provides: "A party may not impeach a witness voluntarily called by him, except where he can show to the court that he has been entrapped by said

witness by a previous contradictory statement. . ."

There is no question that *if* the assistant district attorney was "entrapped," he followed the proper procedure in impeaching his own witness. The question raised by appellant is whether the district attorney was actually surprised. In Georgia the rule is that if a litigant wishes to impeach his own witness, it is necessary to show *actual* surprise rather than legal surprise. The distinction is pointed out in a comment in 9 Ga. S. B. J. 355, citing a note in 49 Va. L. Rev. 996: "Legal surprise would arise, for example, when a witness gave a statement and before the trial notified counsel that the statement was false and that he would testify differently on the stand. In such a case, there is no entrapment because the litigant cannot rely to his detriment on the earlier statement. Some states allow impeachment on such a showing, but Georgia seems to require actual surprise." 9 Ga. S. B. J. 355, 364. The case of *Luke v. Cannon,* 4 Ga. App. 538 (62 SE 110) is cited as authority for that proposition. In *Luke,* the court stated "The law is so particular in its requirements of caution upon the part of one who introduces a witness to the court, and thereby vouches for his veracity, that *a strict showing is required* before one will be allowed to repudiate a witness, voluntarily called by him, by attempting to impeach him . . . 'a party shall not be permitted to discredit his own witness, unless he first shows to the court that he has been entrapped by previous contradictory statements made by the witness. It is not sufficient that he shall have made contradictory statements; such statements must have deceived, and led the party complaining to introduce him, and thus, unwittingly, to have been damaged by statements different from what he expected . . .' *McDaniel v. State,* 53 Ga. 254." (Emphasis supplied.) *Luke v. Cannon,* 4 Ga. App. 538, 542, supra.

The state contends that the only showing of surprise required is the statement made by the assistant district attorney in open court. Such a statement is prima facie proof of actual surprise, and is sufficient in the absence of a showing to the contrary. See *Seay v. State,* 108 Ga. App. 724 (2) (134 SE2d 422). But where there is proof that the assistant district attorney knew before the trial that the witness had changed her story, he cannot proceed to call

820

her and impeach her, claiming actual surprise. Unlike *Wilson v. State,* 235 Ga. 470 (1) (219 SE2d 756) and *Young v. State,* 220 Ga. 75 (2) (137 SE2d 34), there is proof in this case that the prosecutor had prior knowledge of the witness' change in testimony. "The justification for requiring actual surprise lies in the danger that a chain of legal surprise would become a vehicle for introduction of otherwise inadmissible evidence for the avowed purpose of impeachment." 9 Ga. S. B. J. 355, 364. See *Jeens v. Wrightsville &c. R.,* 144 Ga. 48 (85 SE 1055); *McDaniel v. State,* 53 Ga. 253; *Jackson v. State,* 124 Ga. App. 488 (1) (184 SE2d 185); *Eberhart v. State,* 121 Ga. App. 663 (3) (175 SE2d 73).

*Judgment reversed. McMurray and Smith, JJ., concur.*

Argued July 7, 1976 — Decided September 14, 1976 — Rehearing denied October 8, 1976 —

R. B. Donaldson, Jr., for appellant.

*John W. Underwood, District Attorney, Dupont K. Cheney, Assistant District Attorney,* for appellee.