## 60021. BRYANT v. THE STATE.

CARLEY, Judge.

Appellant brings this appeal from her conviction of making terroristic threats.

1. The state called as one of the witnesses appellant's grandmother. During the course of direct examination, the assistant district attorney informed the court that he had been entrapped by the witness, whose version of the relevant events given from the stand differed from the version given previously by her. The court heard from counsel on this issue, determined that the assistant district attorney had made a proper showing of entrapment and allowed the witness to be cross examined and impeached. Citing *Westberry v. State,* 139 Ga. App. 817 (229 SE2d 760) (1976), appellant enumerates this ruling as error. In *Westberry* it was held that "[i]n Georgia the rule is that if a litigant wishes to impeach his own witness, it is necessary to show *actual* surprise rather than legal surprise . . . 'Legal surprise would arise, for example, when a witness gave a statement and before the trial notified counsel that the statement was false and that he would testify differently on the stand. In such a case, there is no entrapment because the litigant cannot rely to his detriment on the earlier statement. Some states allow impeachment on such a showing, but Georgia seems to require actual surprise.' . . . [W]here there is proof that the assistant district attorney knew before trial that the witness had changed her story, he cannot proceed to call her

and impeach her, claiming actual surprise." *Westberry,* 139 Ga. App. at 819-820, supra. *Westberry* was reversed by the Supreme Court on other grounds but it was held that "*Wilson [v. State,* 235 Ga. 470 (219 SE2d 756) (1975)]does repudiate the former rule that actual, literal, absolute surprise must be shown." *State v. Westberry,* 238 Ga. 648, 649 (235 SE2d 140) (1977). Therefore, to the extent appellant relies upon *Westberry* for the proposition that entrapment under Code Ann. § 38-1801 must be predicated upon the witness' testimony being a total surprise and affirmatively damaging that reliance is misplaced. *Ellenburg v. State,* 239 Ga. 309 (236 SE2d 650) (1977).

"To establish entrapment under Code Ann. § 38-1801, it is not necessary that the witness' testimony be a complete surprise. The state may be allowed to use prior written testimony, even though the prosecutor was aware that the witness had indicated that he might recant or had given different statements to the defense counsel. It is sufficient that the prosecutor believed that the witness would testify consistently with the earlier testimony. [Cit.]" *Johnson v. State,* 150 Ga. App. 405, 407 (258 SE2d 22) (1979). In the instant case we find no error in the trial court's determination that the state had shown adequate "surprise" by the witness' testimony and in allowing her to be cross examined and impeached. The state was merely aware that the witness had dropped the criminal warrant, having sought it in the belief it would be the basis for psychological and mental help for appellant, and that the witness "might back up somewhat on us." There was no showing, however, that the state was aware that the witness would repudiate on the stand her version of the events upon which the warrant had been sought. "Appellant, therefore, fails to show that the state was unreasonable in [its] belief that the witness would substantially adhere to [her] prior written statement when forced to testify under oath." *Ellenburg v. State,* 239 Ga. 309, 310, supra. " '[W]e conclude that the ends of justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them . . . "The credibility of a witness may be attacked by any party, including the party calling him." Should anyone object that the introduction of earlier out-of-court statements could occasion confusion, we answer that it is the function of a thorough and sifting cross examination to explore the circumstances of each of the witness' pronouncements, in the ultimate quest for truth . . .' [Cits.]" *Wofford v. State,* 152 Ga. App. 739, 740 (263 SE2d 707) (1979).

It, therefore, follows that there was no error in the use by the state of the warrant sworn out by the witness against appellant. The warrant was used only for the purpose of cross examining and impeaching the witness. See *Wisdom v. State,* 234 Ga. 650, 655 (217

SE2d 244) (1975); *Ellenburg v. State,* 239 Ga. 309, 311, (2), supra.

2. Error is enumerated upon the trial court's failure to grant appellant's motion for directed verdict of acquittal based upon the lack of corroborative evidence of the threat. A review of the transcript, however, demonstrates that there was sufficient corroborative evidence. *Hornsby v. State,* 139 Ga. App. 254, 256 (2) (228 SE2d 152) (1976); *Moss v. State,* 148 Ga. App. 459 (251 SE2d 374) (1978). This enumeration is without merit.

3. We find no error in the trial court's recharge, made at the jury's request, on intoxication as a defense. The recharge on this issue was full and adequate, substantially covering the principles embodied in appellant's request on this issue, principles which were also given in the original charge. *Johnson v. State,* 235 Ga. 486, 489 (1) (220 SE2d 448) (1975).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Submitted June 16, 1980 — Decided September 9, 1980.

*Edward L. Hartness,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.